Wright, J.,
delivered the opinion of the Court.
The Chancellor dismissed the bill upon demurrer, and the question is, whether his decree can be. maintained ?
We shall treat the bill and amended bill as one, because they were filed at the same time, and the Chancellor’s decree is upon both, and so we suppose the demurrer was intended.
So far as the complainant seeks relief, as the surety or stayor of Jones, the bill is demurrable, because it made no case for the issuance of an attachment under the acts of 1836 and 1843.
Jones is shown to be ■ a citizen of Bedford county, and it is not alleged that he is about to remove, or any other cause for an attachment stated.
If, therefore, the demurrer had been confined to this part of the bill, it would have been well taken.
*444 But this was not the case. It is a general demurrer to the whole bill. And it appears that the defendant, Jones, is indebted to complainant in the sum of $2880.00, and it is alleged, that he had made a fraudulent conveyance of fifty-two acres of land -to the defendants, Brome and Jett, to hinder and delay his creditors; and the bill seeks a sale of this land, as well to pay this debt, as complainant’s liabilities, as surety and stayor.
As a creditor, whether in judgment or not, the bill was maintainable by complainant, under the act of 1852, ch. 365, sec. 10; and the demurrer being too broad, lost its effect upon every part of the bill. Story’s Eq. Pl., § 443.
But it is said the bill is multifarious, because it also seeks to subject Jones’ interest in another tract of land, but we do not think this is so, under the rule laid down in Johnson v. Brown et al., 2 Hum., 327.
But if it were, we apprehend the objection could only be taken by special demurrer. Story’s Eq. Pl., § 455.
We reverse the decree, overrule the demurrer, and remand the cause, that defendants may answer.